UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHERWOOD LARAN BOSTIC,

    Petitioner,

v.                                    Case No. 3:17-cv-595-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

**I.    Status**

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Doc. 1. He is challenging a state court (Duval County, Florida) judgment of conviction, for which he is currently serving a twenty-five-year term of incarceration to be followed by a life term of sex offender probation. Id. Respondents have responded. See Doc. 11; Response.[1] Petitioner filed a Reply. See Doc. 14. This case is ripe for review.

---

[1] Attached to the Response are numerous exhibits. See Doc. 11-1. The Court cites to the exhibits as "Resp. Ex."

## II. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. See Marshall v. Sec'y Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or

2

argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear

3

> error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

### B. Exhaustion and Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (noting "that Boerckel applies to the state collateral review process as well as the direct appeal process.").

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged

4

> violations of its prisoners' federal rights.'" <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. <u>Duncan</u>, supra, at 365-366, 115 S. Ct. 887; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[2] supra, at 747–748, 111 S. Ct. 2546; <u>Sykes</u>,[3] supra, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to

---

[2] <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

[3] <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

5

> deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012). Thus, procedural defaults may be excused under certain circumstances. Notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to establish cause and prejudice,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S. Ct. 2639).[4] Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S. Ct. 2639).

---

[4] Murray v. Carrier, 477 U.S. 478 (1986).

6

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases,

allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

### III. **Petitioner's Claim and Analysis**

Petitioner raises one claim for relief. He argues that the postconviction court erred in denying his request for the appointment of counsel to represent him during his evidentiary hearing on his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Doc. 1 at 5. According to Petitioner, denial of postconviction counsel violated his due process and equal protection rights. Id. He also avers that denial of postconviction counsel violated his Sixth Amendment right to counsel during a critical stage of his prosecution. See Reply at 8. To add context to this claim, the Court provides a brief summary of Petitioner's state court procedural history.

Petitioner entered into a negotiated plea agreement to one count of lewd and lascivious molestation of a child less than 12 years of age. Resp. Ex. C at 38-45. In accordance with his negotiated disposition, the trial court sentenced Petitioner to a twenty-five-year term of incarceration to be followed by a life term of sex offender probation.[5] Id. Petitioner did not seek a direct appeal of his

---

[5] In exchange for Petitioner's guilty plea, the state also agreed to nol-pros two counts of sexual battery (counts 1 and 3) and one count of child abuse – impregnating a child under the age of 16 (count 4). Resp. Ex. C at 20-23. The state further agreed to nol-pros two counts of capital sexual battery and two counts of lewd or lascivious molestation of another victim charged in case number 2013-CF-8003. Id. at 17.

8

judgment and sentence. In June 2015, Petitioner filed a Rule 3.850 motion challenging the voluntary nature of his guilty plea and asserting that his trial attorney was ineffective for, inter alia, failing to provide Petitioner with discovery; failing to adequately advise Petitioner of the consequences of his guilty plea; and failing to negotiate a better plea agreement and sentence. Id. at 15-19. The postconviction court granted an evidentiary hearing on all claims. Id. at 21-23.

Prior to the evidentiary hearing, on September 21, 2015, the postconviction court conducted a status hearing, during which the following exchange occurred between Petitioner and the court:

> THE COURT: Mr. Bostic, Mr. Forrest is going to be available next week.
> You're not calling any witnesses, as I understand it?
>
> THE DEFENDANT: No, Sir. I might need counsel.
>
> THE COURT: I'm not going to appoint counsel to you. You're not entitled to counsel. Certainly, you can retain counsel.
>
> THE DEFENDANT: Okay.
>
> THE COURT: But I'm not inclined, on the motion that you filed, to appoint counsel to represent you for this matter.
>
> THE DEFENDANT: Okay.

Resp. Ex. E at 143-44. A few days later, the postconviction court conducted the evidentiary hearing where the state presented one witness, James Forrest,

9

Esquire, Petitioner's trial attorney; and Petitioner appeared pro se and testified on his own behalf. Resp. Ex. D at 91-124. Upon consideration of the sworn testimony given at the evidentiary hearing and the state court record, the postconviction court denied Petitioner's Rule 3.850 motion in full. Resp. Ex. C at 25-27.

Petitioner appealed, raising as his sole claim for relief, that the postconviction court erred in denying his request for appointment of postconviction counsel. Resp. Ex. F at 151-61. The state filed an answer brief arguing that the court did not abuse its discretion in denying Petitioner's request. Resp. Ex. G. The First District Court of Appeal per curiam affirmed the postconviction court's denial without a written opinion. Resp. Ex. H. Petitioner now seeks review of the state court's adjudication of this issue. See Doc. 1.

In their Response, Respondents argue that Petitioner's claim is not cognizable on federal habeas review, because there is no constitutional right to counsel in postconviction proceedings. Resp. at 14.-15. They further assert that when Petitioner presented this claim to the state court, he raised it purely as a matter of state law and failed to fairly present the federal nature of his claim. Id. The Court agrees with Respondents and finds that this claim is unexhausted, because Petitioner did not present the federal nature of it to the state appellate court.

10

When briefing this issue to the First DCA, Petitioner did not state or suggest that it was a federal claim about due process or any other federal constitutional guarantee. Resp. Ex. F. Instead, Petitioner argued, in terms of state law only, that the postconviction court failed to consider the factors set out in Graham v. State, 372 So. 2d 1363 (Fla. 1979), when it denied his request for counsel, and that he was unable to fairly present his claims at the evidentiary hearing because he lacked the skills to do so, citing Williams v. State, 472 So. 2d 738 (Fla. 1985). Resp. Ex. F at 159-61. These Florida Supreme Court cases "expressly stated there was no federal basis for a claim of error in denying appointment of counsel in postconviction proceedings; and those courts decided the issue solely on state law principles." Williams v. Crews, No. 5:11cv356/MMP/EMT, 2013 WL 1729004, at *5 (N.D. Fla. Feb. 25, 2013) (citing Graham, 372 So. 2d at 1365; Williams, 472 So. 2d at 740). Because Petitioner asserted no federal basis for habeas relief, this claim is unexhausted and procedurally defaulted, and Petitioner has failed to show cause for or prejudice from this procedural bar. See, e.g., Williams, 2013 WL 1729004, at *5. He also fails to demonstrate a fundamental miscarriage of justice.

Nevertheless, even assuming Petitioner exhausted the federal nature of this claim, it is without merit. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

11

There is no constitutional right to counsel in state postconviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir. 1998). Therefore, Petitioner has failed to show that he is in custody in violation of the Constitution or laws of the United States; and he is not entitled to federal habeas relief. See 28 U.S.C. § 2254(a).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[6]

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of April, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Sherwood Laran Bostic, #288203
Bryan G. Jordan, Esq.

---

[6] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.